IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY HARDMON, an individual<br><br>Plaintiff,<br>v.<br><br>ARSAN L. WOMACK, an individual; ELEMENT FINANCIAL CORP., a business entity; ELEMENT TRANSPORTATION ASSET TRUST, a business entity; PNC EQUIPMENT FINANCE, LLC, a business entity; GDS EXPRESS, INC., a business entity; JOHN DOES 1-10, fictitious individuals; and ABC COS. 3-10, fictitious business entities,<br><br>Defendants | CIVIL ACTION - LAW<br><br>No. _____ |

## DEFENDANT, GDS EXPRESS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, GDS Express, Inc. ("Removing Defendant"), by and through counsel, gives Notice of Removal of this action from the Superior Court of New Jersey, Middlesex County to the United States District Court District of New Jersey and in support thereof, states as follows:

## REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446

1.      This action was initially commenced by Plaintiff, Kimberly Hardmon, in the Superior Court of New Jersey, Middlesex County, on April 19, 2018; Plaintiff filed her Third Amended Complaint, identifying Moving Defendant on or about November 28, 2018. *See* Plaintiff's Third Amended Complaint, attached as **Exhibit "A."**

2.      The action arises out of a motor vehicle accident that occurred on July 14, 2016, on the New Jersey Turnpike North, in Elizabeth, Union County, New Jersey. *See* **Exhibit "A,"** ¶1, First Count.

3.      The Notice of Removal is being filed within 30 days after receipt by Removing Defendant where the complaint was served on December 19, 2018, and is removable in accordance with 28 U.S.C. § 1446(b)(3).  *See* Affidavit of Service, attached as **Exhibit "B."**

4.      Pursuant to 28 U.S.C. § 1446(b)(d), upon filing of this Notice of Removal, Removing Defendant will file a Notice of Filing of Notice of Removal in the State Court action pending in the Superior Court of New Jersey, Middlesex County, and will provide written notice to Plaintiff.  *See* Notice of Filing of Notice of Removal, attached as **Exhibit "C."**

## DIVERSITY OF CITIZENSHIP EXISTS UNDER 28 U.S.C. § 1332

5.      Plaintiff is a citizen of the State of New Jersey with an address of P-4 Quincy Circle, Dayton, NJ 083310-1339.  *See* Police Report, Attached as **Exhibit "D."**

6.      Defendant, GDS Express, Inc. is a corporation organized and existing under the laws of the State of Ohio with a principal place of business at 1270 Hilbish Avenue, Akron, OH 44312.

7.      Defendant, Element Transportation Asset Trust is a Delaware statutory trust with a principal address at 940 Ridgebrook Road, Sparks, MD 21152.

8.      Defendant, Element Financial Corp., is a Delaware company with a principal place of business at 181 Bay Street, Suite 2830, Toronto, Ontario M5J 2T3 (Canada).

9.      Defendant, PNC Equipment Finance, LLC, is a Delaware company with its principal place of business at 300 Fifth Avenue, Pittsburgh, PA 15222.

10.     Upon information and belief, at all material times, Defendant, Arsan L. Womack was and is a citizen of the Commonwealth of Pennsylvania, residing at 71740 Robinwood Drive, Tobyhanna, PA 18466.  *See* **Exhibit "D."**

11.      To the best of Moving Defendant's knowledge and belief, Defendant Arsan L. Womack has not been served with a copy of the Summons and Complaint, as service has not been perfected by the filing of an Affidavit of Service with the Superior Court of New Jersey, Middlesex County, prior to the filing of this Notice of Removal; therefore Removal is permissible. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018).

12.      Element Transportation Asset Trust, Element Financial Corp. and PNC Equipment Finance, LLC have been notified of Moving Defendant's intention to remove this case to Federal Court and none of these Defendants object to the removal pursuant to 28 U.S.C. § 1441. *See* Affidavits on behalf of Defendants, attached hereto as **Exhibit "E."**

13.      Therefore, diversity of citizenship exists under 28 U.S.C. § 1332.

### AMOUNT IN CONTROVERSY EXCEEDS $75,000

14.      Plaintiff's Amended Complaint alleges throughout that she was severely and permanently injured. *See* **Exhibit "A."**

15.      Plaintiff's Amended Complaint specifically alleges that she was "severely and permanently injured, suffered great pain and mental anguish, was and will in the future require medical care and attention due to the permanent nature of the injuries sustained, was and will in the future be compelled to expend large sums of money for said medical care and attention in an attempt to cure herself, and was and will in the future be prevented from engaging in her normal pursuits and daily activities." *See* **Exhibit "A," at ¶4** (Count 1), **¶5 (Count** 3), **¶5 (Count** 4), **¶5 (Count 5).**

16.      It is patent on the face of the Complaint that the total damages sought exceed $75,000 and as such, the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, required by 28 U.S.C. § 1332(a).

## <u>DIVERSITY JURISDICTION IS SATISFIED</u>

15.     Based upon the above, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that Plaintiff's Complaint presents a case where the amount in controversy is alleged to exceed $75,000 and the controversy exists between citizens of different states.

16.     Removing Defendant will promptly file a copy of this Notice with the Clerk of the Superior Court of New Jersey, Middlesex County in the State Court Action as required by 28 U.S.C. § 1446(d) and provide written notice to Plaintiff.

17.     Venue is proper in that the events or omissions giving rise to the claim occurred in Middlesex County, New Jersey, which is situated in this Judicial District. *See* 28 U.S.C. § 1391(b)(2).

18.     In filing this Notice of Removal, Removing Defendant does not waive any defenses that may be available to them.

19.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**SALMON RICCHEZZA SINGER & TURCHI** LLP

By: _____

Zachary J. Ballard, Esquire
David J. Jones, Esquire
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
zballard@srstlaw.com
djones@srstlaw.com
(856) 354-8074 – Phone
(856) 354-8075 – Fax
**Attorneys for Defendant,**
GDS Express, Inc.

Dated: January 15, 2019

## CERTIFICATE OF SERVICE

I, David J. Jones, Esquire, Attorney for Defendant, GDS Express, Inc. hereby certifies that I served a true copy of the foregoing Notice of Removal on the foregoing counsel by U.S. Mail, postage pre-paid:

Sean M. Mahoney, Esquire
Stathis & Leonardis, L.L.C.
32 South Main Street
Edison, New Jersey 08837
***Attorney for Plaintiff, Kimberly Hardmon***

Andrew J. Bayne, Esquire
The Bayne Law Group LLC
116 Village Boulevard, Suite 235
Princeton, NJ 08543-3036
***Attorney for Defendants, Element Transportation Asset Trust
and Element Financial Corp.***

Thomas P. Stevens, Esquire
FLAMM WALTON HEIMBACH
794 Penllyn Pike, Suite 100
Blue Bell, PA 19422
***Attorney for Defendant, PNC Equipment Finance, LLC***

Arsan L. Womack
71740 Robinwood Drive
Tobyhanna, PA 18466
***Unrepresented Party***

**SALMON RICCHEZZA SINGER & TURCHI LLP**

By: _____
Zachary J. Ballard, Esquire
David J. Jones, Esquire
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
zballard@srstlaw.com
djones@srstlaw.com
(856) 354-8074 – Phone
(856) 354-8075 – Fax
**Attorneys for Defendant,**
GDS Express, Inc.

Dated: January 15, 2019

# Exhibit "A"

**Stathis & Leonardis, L.L.C.**
32 South Main Street
Edison, New Jersey 08837
(732) 494-0600 File No:16-3830SMM
Attorney for Plaintiff
Sean M. Mahoney Bar ID #15581-2015

| | |
|---|---|
| **KIMBERLY HARDMON,** an individual, | : **SUPERIOR COURT OF NEW JERSEY** |
| | : **LAW DIVISION - MIDDLESEX COUNTY** |
| Plaintiff, | : **DOCKET NO:** MID L 2275-18 |
| | : |
| v. | : |
| | : *Civil Action* |
| **ARSAN L. WOMACK,** an individual; | : **Third Amended** |
| **ELEMENT FINANCIAL CORP.,** a | : **Complaint & Jury Demand** |
| business entity; **ELEMENT TRANS-** | : |
| **PORTATION ASSET TRUST,** a business | : |
| entity; **PNC EQUIPMENT FINANCE,** | : |
| **LLC,** a business entity; **GDS EXPRESS,** | : |
| **INC.,** a business entity; **JOHN DOES 1-10,** | : |
| fictitious individuals; and **ABC COS. 3-10,** | : |
| fictitious business entities, | : |
| | : |
| Defendants. | : |

Plaintiff, Kimberly Hardmon by way of Third Amended Complaint in this matter, says:

### FIRST COUNT

1.      On or about July 14, 2016, the Plaintiff,  Kimberly Hardmon was the owner of

a motor vehicle  being operated by her on the New Jersey Turnpike North in the City of

Elizabeth, County of Union, and State of New Jersey.

2.      At the time and place aforesaid, the Defendant, Arsan L. Womack, as servant,

agent and/or employee of Defendant, Element Financial Corp. and/or Element Transportation

Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc.,  was the operator of

a certain tractor trailer owned by Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc., also traveling on the New Jersey Turnpike North in the City of Elizabeth, County of Union, and State of New Jersey.

3.      At the time and place aforesaid, Defendant, Arsan L. Womack, individually and/or as servant, agent and/or employee of Defendant Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc. did own, operate, control and/or maintain their motor vehicle in a careless, reckless, negligent and unreasonable manner, vehicle, so as to execute an illegal u turn across the highway in front of Plaintiff's vehicle, causing a collision with Plaintiff's vehicle.

4.      As a direct and proximate result of the aforesaid carelessness and negligence of the Defendants, Arsan L. Womack and Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc., and the ensuing collision, the Plaintiff, Kimberly Hardmon was severely and permanently injured, suffered great pain and mental anguish, was and will in the future require medical care and attention due to the permanent nature of the injuries sustained, was and will in the future be compelled to expend large sums of money for said medical care and attention in an attempt to cure herself, and was and will in the future be prevented from engaging in her normal pursuits and daily activities.

**WHEREFORE**, Plaintiff, Kimberly Hardmon, demands judgment against the Defendants, Arsan L. Womack, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc. jointly and severally, for:

a. Compensatory damages;
b. Reasonable attorneys fees;
c. Interest and costs of suit; and,
d. For such other relief as the Court may deem appropriate.

## SECOND COUNT

1.     Plaintiff, Kimberly Hardmon  repeats and reiterates each of the allegations of the foregoing Count, as though fully set forth at length herein.

2.      The Defendant, Arsan L. Womack  subsequent to the subject motor vehicle accident, was arrested and charged with resisting arrest and  driving under the influence of unknown drugs.

3.      The conduct of the defendant, Arsan L. Womack as aforesaid was malicious, willful, wanton, reckless and in deliberate violation of the Plaintiff's civil and  constitutional rights.  In addition, defendant Womack's conduct, along with his  actions and behavior  were performed knowingly, intentionally, and maliciously, and were grossly negligent and defendant acted with a reckless disregard for the safety of others including the Plaintiff, Kimberly Hardmon and with a reasonable expectation that the conduct would result in damage or injuries sustained by individuals, including Plaintiff, Kimberly Hardmon.

4.      As a direct and proximate result of the conduct of the Defendant, Arsan L. Womack as aforesaid, the Plaintiff, Kimberly Hardmon was injured.

**WHEREFORE**, Plaintiff, Kimberly Hardmon demands judgment against the Defendant, Arsan L. Womack, individually, for:

   a.  Compensatory damages;
   b.  Punitive damages;
   c.  Reasonable attorney's fees;
   d.  Interest and costs of suit; and
   e.  For such other relief as the Court deems just and equitable.

## THIRD COUNT

1.     Plaintiff, Kimberly Hardmon repeats and reiterates each of the allegations of the foregoing counts as though fully set forth at length herein.

2.      Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, Inc. and/or GDS Express, Inc. did not exercise reasonable care in hiring Defendant, Arsan L. Womack in that they failed to conduct the proper motor vehicle and/or criminal history checks and/or reference checks to determine whether Defendant, Womack had any prior criminal convictions for drugs, which would have been apparent if Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc. had exercised reasonable care in screening said employee.

3.      Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc. allowed Defendant, Womack to operate its vehicle and placed Defendant, Womack in a position where others could be injured, including Plaintiff, Kimberly Hardmon.

4.      Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc.'s failure to conduct the proper background and/or reference checks was careless, reckless and negligent, and also rises to the level of gross negligence.

5.      As a result of Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc was careless, reckless, and negligent failure to exercise reasonable care, Plaintiff, Kimberly Hardmon was severely and permanently injured, suffered great pain and mental anguish, was and will in the future require medical care and attention due to the permanent nature of the injuries sustained, was and will in the future be compelled to expend large sums of money for said medical care and attention in an attempt to cure herself, and was and will in the future be prevented from engaging in her normal pursuits and daily activities.

**WHEREFORE**, Plaintiff, Kimberly Hardmon demands judgment against the Defendant,

Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment

Finance, LLC and/or GDS Express, Inc. for:

    a.    Compensatory damages;
    b.    Attorney's fees;
    c.    Interest and costs of suit; and,
    d.    For such other relief as the Court may deem appropriate.

## FOURTH COUNT

1.    Plaintiff repeats and reiterates each of the allegations of the foregoing counts, as though fully set forth at length herein.

2.    Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc. further had an obligation to properly train, supervise, manage and oversee all agents, servants and employees, including Defendant, Womack in the scope of their employment, including, but not limited to, the operation of their commercial tractor trailer vehicles.

2.    Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc. further had an obligation to implement the proper policies and procedures on the proper operation of their commercial vehicles by its employees and to make sure these policies and procedures were followed and complied with and that only properly trained, properly supervised and properly licensed employees operate said commercial tractor trailer vehicles.

4.    Defendant, Quality Companies LLC did operate said business in a negligent and unreasonable manner in allowing Defendant, Womack to operate its, commercial vehicle without having received the proper training, supervision, instruction and management, thus negligently exposing individuals, including Plaintiff, Kimberly Hardmon to an unreasonable risk of injury and harm on the roadways.

5.    As a direct and proximate result of the aforesaid negligence, carelessness,

and omissions of Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc. Plaintiff, Kimberly Hardmon was severely and permanently injured, suffered great pain and mental anguish, was and will in the future require medical care and attention due to the permanent nature of the injuries sustained, was and will in the future be compelled to expend large sums of money for said medical care and attention in an attempt to cure herself, and was and will in the future be prevented from engaging in her normal pursuits and daily activities.

**WHEREFORE**, Plaintiff, Kimberly Hardmon demands judgment against the Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc for:

     a.    Compensatory damages;
     b.    Attorney's fees;
     c.    Interest and costs of suit; and,
     d.    For such other relief as the Court may deem appropriate.

## FIFTH COUNT

1.    Plaintiff repeats and reiterates each of the allegations contained in the foregoing counts, as though fully set forth at length herein.

3.    Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc. 's actions in failing to implement reasonable policies and procedures and in failing to properly train supervise and/or manage Defendant, Womack, and in failing to conduct the proper criminal background checks, reference checks, as well as driving history which would have shown that said Defendant, Womack had prior criminal convictions, possibly resulting in incarceration for drug possession and use, which would have been apparent if Defendants aforesaid had exercised reasonable care in screening said employee.

3.    Defendant, Element Financial Corp. and/or Element Transportation

Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc. allowed Defendant, Womack to operate its vehicle and placed Defendant, Womack in a position where others could be injured, including Plaintiff, Kimberly Hardmon.

4.      Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc.'s actions and/or inactions aforesaid were malicious, willful, wanton, reckless and in deliberate violation of the Plaintiff's civil and constitutional rights and Defendants acted with a reckless disregard for the safety of others including the Plaintiff, Kimberly Hardmon and with a reasonable expectation that Defendant, Womack's conduct would result in damage or injuries sustained by individuals, including Plaintiff, Kimberly Hardmon.

5.      As a direct and proximate result of the aforesaid conduct of Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc., Plaintiff, Kimberly Hardmon was severely and permanently injured, suffered great pain and mental anguish, was and will in the future require medical care and attention due to the permanent nature of the injuries sustained, was and will in the future be compelled to expend large sums of money for said medical care and attention in an attempt to cure herself, and was and will in the future be prevented from engaging in her normal pursuits and daily activities.

**WHEREFORE,** Plaintiff, Kimberly Hardmon demands judgment against the Defendant, Element Financial Corp. and/or Element Transportation Asset Trust and/or PNC Equipment Finance, LLC and/or GDS Express, Inc. for :

a.      Compensatory damages;
b.      Punitive damages;
c.      Attorney's fees;
d.      Interest and costs of suit; and,
e.      For such other relief as the Court may deem appropriate

## SIXTH COUNT

1.      Plaintiff, Kimberly Hardmon  repeats and reiterates each of the allegations of the foregoing Counts, as though fully set forth at length herein.

2.      Defendants John Does 1-10  and ABC Cos. 2-10,  represent fictitiously named individuals and/or business entities who  owned, operated, controlled, repaired and/or maintained, any vehicle, or who may have contributed to the training  of the defendant, Arsan L. Womack in the use and operation of tractor trailers, and who may have contributed o or provided Defendant, Womack with illegal substances leading to his driving while under the influence of unknown drugs as charged, or who may have caused the accident or contributed to the happening of the accident herein not identified herein.

3.      To date,  the names of these individuals and/or business entities are unknown to Plaintiff.    Plaintiff reserves her right to amend the within Complaint to incorporate the name of such individuals and/or entities in the event their names are identified and/or liability of same are identified during the normal course of discovery.

**WHEREFORE,**  Plaintiff,  Kimberly Hardmon does hereby demand judgment against the  Defendants, John Does 1-10 and/or ABC Cos 2-10,  for

     a.  Compensatory damages;
     b.  Attorney's fees;
     c.  Interest and costs of suit; and,
     d.  For such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4: 25-4, Sean M. Mahoney, Esq.  is hereby designated as trial counsel.

## DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

Pursuant to Rule 4:17-1, Plaintiff hereby demands Answers to Uniform Interrogatories Form C, C(1) and the Supplemental Interrogatories included herein, within sixty (60) days of the filing of defendants' Answer to this Complaint.

## DEMAND FOR NOTICE TO PRODUCE

Pursuant to Rule 4:18-1, Plaintiff hereby demands documents in response to the Notice to Produce included herein within fifty (50) days of the filing of defendants' Answer to this Complaint.

STATHIS & LEONARDIS LLC
Attorneys for Plaintiff

By: _____
     **SEAN M. MAHONEY**

DATED: 11/26/18

## CERTIFICATION

It is hereby certified that to the best, present knowledge of Counsel for Plaintiff, that the matter in controversy which is the subject of this litigation involving the named parties hereto, is not the subject matter of controversy in any other pending litigation or arbitration proceeding, and to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated.

To the best of my knowledge, information and belief, there are no other parties to be joined in this action, and I recognize my continuing obligation to file and serve on all parties and the Court an amended certification if there is a change in the facts herein.

I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I further certify that this Third Amended Complaint is filed by leave of Court.

I further certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**SEAN M. MAHONEY**

DATED: 11/26/18

# Exhibit "B"

| | | |
|---|---|---|
| KIMBERLY HARDMON, AN INDIVIDUAL | Plaintiff | Superior Court of New Jersey<br>Law Division<br>Middlesex County |
| vs. | | |
| ARSAN L. WOMACK, AN INDIVIDUAL, ET AL | Defendant | Docket Number: MID-L-002275-18 |

**Person to be served (Name & Address):**
GDS EXPRESS, INC.
1270 HILBISH AVE.
AKRON, OH 44312

**Attorney:**
SEAN MAHONEY, ESQ.

**AFFIDAVIT OF SERVICE**

(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Summons, Third Amended Complaint, Jury Demand, Designation Of Trial Counsel, Demand For Answers To Uniform And Supplemental Interrogatories,  Demand For Notice To Produce, Certification, Supplemental Interrogatories To Deft..Womack, Notice To Produce To Deft.. Womack, Supplemental Interrogatories To Defendant Companies, Notice to Produce Defendant Companies

**Service Data:**

Served Successfully __X__   Not Served_____   Date: 12/19/2018   Time: 10:30 am   Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

___X___ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

MARK WHITACRE

AGENT/MANAGING AGENT

**Description of Person Accepting Service:**

Sex: M    Age: 45    Height: 5'9"   Weight: 170   Skin Color: WHITE            Hair Color: SALT & PEPPER

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on 12/20 2018 by the affiant who is personally known to me.

NOTARY PUBLIC

JAMES F. LEWIS II
NOTARY PUBLIC
STATE OF OHIO
My Commission Expires
March 00, 2019

I, BEN PURSER, was at the time of service a competent adult not having a direct interest in the litigation.  I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server        12-20-18        Date

STATUS, L.L.C.
1509 Stuyvesant Avenue
Union, NJ 07083
(908) 688-1414
Our Job Serial Number: STS-2018053935
Ref: 16-3830SMM

# Exhibit "C"

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP
**By:**   Zachary J. Ballard, Esq. Attorney ID# 14472007
         David J. Jones, Esq. Attorney ID# 151832015
**123 Egg Harbor Road, Suite 406**
**Sewell, New Jersey, NJ 08080**
**(856) 354-8074**
*Attorneys for Defendant, GDS Express, Inc.*

| | |
|---|---|
| KIMBERLY HARDMON, an individual : | SUPERIOR COURT OF NEW JERSEY |
| : | LAW DIVISION – MIDDLESEX COUNTY |
| Plaintiff, : | |
| v. : | DOCKET NO.: MID-L-2275-18 |
| : | |
| ARSAN L. WOMACK, an individual; : | |
| ELEMENT FINANCIAL CORP., a : | **NOTICE OF REMOVAL** |
| business entity; ELEMENT : | |
| TRANSPORTATION ASSET TRUST, a : | |
| business entity; PNC EQUIPMENT : | |
| FINANCE, LLC, a business entity; GDS : | |
| EXPRESS, INC., a business entity; JOHN : | |
| DOES 1-10, fictitious individuals; and : | |
| ABC COS. 3-10, fictitious business : | |
| entities, : | |
| : | |
| Defendants : | |

To the Clerk of the Court:

Pursuant to 28 U.S.C. §1446(D), Defendant, GDS Express, Inc., file herewith a copy of

the Notice of Removal which was filed in the United States District Court for the District of New

Jersey. *See* attached, **Exhibit "A."**

SALMON RICCHEZZA SINGER & TURCHI LLP

By:   _____
      Zachary J. Ballard, Esquire
      David J. Jones, Esquire

Dated: January 15, 2019

**SALMON, RICCHEZZA, SINGER & TURCHI LLP**
By:    **Zachary J. Ballard, Esq. Attorney ID# 14472007**
       **David J. Jones, Esq. Attorney ID# 151832015**
**123 Egg Harbor Road, Suite 406**
**Sewell, New Jersey, NJ 08080**
**(856) 354-8074**
*Attorneys for Defendant, GDS Express, Inc.*

| | | |
|---|---|---|
| KIMBERLY HARDMON, an individual | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION – MIDDLESEX COUNTY |
| Plaintiff, | : | |
| v. | : | DOCKET NO.:  MID-L-2275-18 |
| | : | |
| ARSAN L. WOMACK, an individual; | : | |
| ELEMENT  FINANCIAL  CORP.,  a | : | **NOTICE OF REMOVAL** |
| business      entity;      ELEMENT | : | |
| TRANSPORTATION ASSET TRUST, a | : | |
| business  entity;  PNC  EQUIPMENT | : | |
| FINANCE, LLC, a business entity; GDS | : | |
| EXPRESS, INC., a business entity; JOHN | : | |
| DOES 1-10, fictitious individuals; and | : | |
| ABC  COS.  3-10,  fictitious  business | : | |
| entities, | : | |
| | : | |
| Defendants | : | |

It is hereby certified that a true and correct copy of the within captioned Notice of

Removal Pursuant to 28 U.S.C. §1446(D) was served via First Class Mail on the below counsel:

Sean M. Mahoney, Esquire
Stathis & Leonardis, L.L.C.
32 South Main Street
Edison, New Jersey 08837
***Attorney for Plaintiff, Kimberly Hardmon***

Andrew J. Bayne, Esquire
The Bayne Law Group LLC
116 Village Boulevard, Suite 235
Princeton, NJ 08543-3036
***Attorney for Defendants, Element Transportation Asset Trust
and Element Financial Corp.***

Thomas P. Stevens, Esquire
FLAMM WALTON HEIMBACH
794 Penllyn Pike, Suite 100
Blue Bell, PA 19422
*Attorney for Defendant, PNC Equipment Finance, LLC*

Arsan L. Womack
71740 Robinwood Drive
Tobyhanna, PA 18466
*Unrepresented Party*

**SALMON RICCHEZZA SINGER & TURCHI** LLP

By: _____
    Zachary J. Ballard, Esquire
    David J. Jones, Esquire

Dated: January 15, 2019

# Exhibit "D"

| | Page 1 of 4 | ☐ Fatal | New Jersey Police Crash Investigation Report | ☒ Reportable ☐ Non-Reportable ☐ Change Report |
|---|---|---|---|---|

**1 Case Number** D030-2016-02078A
**1a Crash Occurred On** NJTP  SMD  Road Name  N  **11 Speed Limit** S 5  **12 Route No** 5 **12a** **13 M Speed** **18 Speed Limit** 1 0 3 . 0 0 12

**2 Police Dept of** STATE POLICE  Code 02
**3 Station/Precinct** NEWARK

**4 Date of Crash** mm 07 dd 27 yy 17  **5 Day of Week** Su M Tu W (Th) F Sa  **6 Time (use 2400 hrs)** 0911  **7 Municipality Code** 1200  **8 Total Killed** 0  **9 Total Injured** 3  **19 To:** Ramp ☐ From  31 Latitude 4 0 . 6 2 0 4 6  **20 Route/Name** 22 Longitude - 7 4 . 2 1 9 2 6

**42 Veh No/24 Policy No.** UNKNOWN  **52 Ins Code** 99  **53 Veh No/54 Policy No.** 38080925  **55 Ins Code** 901

V1 ☐ Parked ☐ Ped ☐ Pedalcyclist ☐ Resp to Emergency ☐ Hit & Run
V2 ☐ Parked ☐ Ped ☐ Pedalcyclist ☐ Resp to Emergency ☒ Hit & Run

**26 Driver's First Name** ARGAN  **Initial** L  **Last Name** WOMACK  **26 Sex** F  **56 Driver's First Name** LANCE  **Initial** T  **Last Name** HOWARD  **56 Sex** M

**27 Number and Street** 7140 ROBINWOOD DR  **57 Number and Street** 200 CONWAY COURT

**28 City** TOBYHANNA  **State** PA  **Zip** 18466  **58 City** MORGANVILLE  **State** NJ  **Zip** 07751-4433

**45 Owner's First Name** (blank)  **46 Owner's First Name** ☒ Same As Driver

☐ Same As Driver  QUALITY COMPANIES LLC

**30 Number and Street** 5697 W. 191ST ST  **60 Number and Street**

**31 City** MOKENA  **State** IL  **Zip** 60448  **61 City**  **State**  **Zip**

**38 Make** IHTL  **39 Model** TT  **36 Color** WHY  **41 Year** 2012  **42 Plate No.** B900251  **35 State** IL  **68 Make** DODG  **69 Model** RAM  **70 Color** BLK  **71 Year** 2015  **72 Plate No.** H83BVY  **73 State** NJ

**44 VIN** 1XPBD49X1FD285232  **43 Expires** 03/17  **74 VIN** 1C6RR7PT6FS589310  **73 Expires** 01/19

**46 Vehicle Removed To** HIGHWAY AID #75  ☐ Driven ☐ Left at Scene ☒ Towed ☒ Impound ☒ Disabled  **76 Vehicle Removed To** HIGHWAY AID 66  ☐ Driven ☐ Left at Scene ☒ Towed ☒ Impound ☒ Disabled

**48 Alcohol/Drug Test** Given? ☐ No ☒ Yes ☐ Refused  Type: ☐ Breath ☒ Blood ☐ Urine  Result: 0.___ %  ☒ Pending
**134 Crash Diagram (NOT TO SCALE)** True Scale North  SEE ATTACHED DIAGRAM
**78 Alcohol/Drug Test** Given: ☒ No ☐ Yes ☐ Refused  Type: ☐ Breath ☐ Blood ☐ Urine  Results: 0.___ %  ☐ Pending

**49 Hazardous Material** On Board ☐ Size ☐ Placard No.
**79 Hazardous Material** On Board ☐ Size ☐ Placard No.

**50 Carrier No.** 261902 ☒ USDOT ☐ Other
**80 Carrier No.** ☐ USDOT ☐ Other

**51 Commercial Vehicle Weight** ☐ ≤ 10,000 lbs ☐ 10,001 - 26,000 lbs ☒ ≥ 26,001 lbs
**81 Commercial Vehicle Weight** ☐ ≤ 10,000 lbs ☐ 10,001 - 26,000 lbs ☐ ≥ 26,001 lbs

**53 Carrier name** QUALITY COMPANIES LLC  **83 Carrier name**

**135 Crash Description:**

Driver #1 did not provide a comment (See D030201600127D).

Driver #2 stated in effect: It looked like the truck was conducting a U turn and it crossed the lanes. I tried to brake and swerve but couldn't avoid it.

(continued on next page)

**136 Damage to Other Property** R/S CONCRETE BARRIER DAMAGE NJTP PO BOX 5042 WOODBRIDGE NJ 07095

Oper. V1 **137 Charge** 3914-50 ☒ Multiple Charges  **138 Summons No.** N16010819 Oper. **139 Charge** ☐ Multiple Charges **140 Summons No.**

**141 Officer's Name** TPR. A M PAVLOSKY  **142 Badge No.** 7330  **143 Reviewed By** JM  Badge No. 6367  **144 Case Status** ☐ Pending ☒ Complete

| | 53 | 84 | 85 | 86 | 87 | 88 | 82 | 90 | 91 | 92 | 93 | 94 | 95 | Names & Addresses of Occupants • If Deceased, Date & Time of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | V1 | 01 | 01 | 04 | | | 02 | 04 | 2 | 04 | 04 | - | 7007 | ARGAN L WOMACK 7140 ROBINWOOD DR, TOBYHANNA, PA 18466 |
| B | V2 | 01 | 01 | 04 | | | 06 | 08 | 1 | 09 | 09 | 08 | - | LANCE T HOWARD 200 CONWAY COURT, MORGANVILLE, NJ 07751 |
| C | V3 | 01 | 01 | 04 | | | 06 | 08 | 1 | 09 | 04 | - | - | KIMBERLEY R BARENCH P-8 COTNEY CIRCLE, DAYTON, NJ 38810 |
| D | | | | | | | | | | | | | | |
| E | | | | | | | | | | | | | | |

NJTR-1 (rev. 03/2008)   5733

SEE ATTACHED DIAGRAM

**New Jersey Police Crash Investigation Report**  ☒ Reportable ☐ Non Reportable ☐ Change Report

Page 2 of 4  ☐ Fatal

| | |
|---|---|
| 1 Case Number 0030-3016-02078A | 10 Crash Occurred On NJTP STO |
| 2 Police Dept of STATE POLICE  Code 02 | Road Name |
| 3 Station/Precinct NEWARK | |

3 Date of Crash: 07/16 mm dd yy  Day of Week (m) Sa

23 Vehicle No 24 Policy No. CL0022174

26 Driver's First Name KIMBERLEY  E Last Name HARDMON

27 Number and Street P-4 QUINCY CIRCLE

28 City DAYTON  State NJ  Zip 08810-1339

38 Make HOND  39 Model CIVIC  40 Color RED  41 Year 2012  42 Plate No. N43PAY  43 State NJ

44 VIN 19XFB2F81CE319903

45 Vehicle Removed To: HIGHWAY AID 66

135 Crash Description:
Driver #3 stated in effect: I saw a truck heading straight for me.  I tried to swerve to the left to avoid being hit.

Investigation revealed: Vehicle #2 and #3 were traveling northbound on the NJTP with Vehicle #2 being in front of Vehicle #3 in the left lane.  Vehicle #1 was traveling northbound on
(continued on next page)

136 Damage To Other Property
N/B CONCRETE BARRIER DAMAGE NJTP PO BOX 5042 WOODBRIDGE NJ 07055

141 Officer's Name TPR. A H PAVLOSKY  142 Badge No. 7330  143 Reviewed By JM  Badge No. 6367  144 Case Status ☐ Pending ☒ Complete

NJTR-1 (rev. 03/2004)

Page __3__ of __4__

| New Jersey Police Crash Investigation Report | Police Dept: | STATE POLICE | Code: | 02 |
| --- | --- | --- | --- | --- |
| Motor Vehicle Crash Description | Station: | NEWARK | Case No: | D030-2016-02079A |

the NJTP in the right lane.  Vehicle #1 attempted to make a U turn in the middle of the highway.
Vehicle #1 then was traveling southbound in the left lane when it struck Vehicle #2 then Vehicle
#3.  Vehicle #2 was then pushed into the left shoulder concrete barrier.  Damage to Vehicle #1 was
major and included the entire front passenger side of the vehicle.  Damage to Vehicle #2 was major
and included the entire both sides of the vehicle.  Damage to Vehicle #3 was moderate and included
the front end of the vehicle.

Driver #1 was arrested for Eluding, Resisting Arrest, and Driving While Intoxicated (See
D030201600194/D030201600127D).  Driver #2 and Driver #3 were treated for injuries and RMA.

Page #1, Box #25: UNKNOWN INSURANCE
Page #1, Box #120: DRIVER IS BELIEVED TO BE UNDER THE INFLUENCE OF UNKNOWN DRUGS

| ARSAN WOMACK | E16010820 | ( 39:4-96 ) | RECKLESS DRIVING |
| --- | --- | --- | --- |
| ARSAN WOMACK | E16010821 | ( 39:4-67 ) | OBSTRUCTING PASSAGE OF OTHER VEHICLES OR STREET CARS |
| ARSAN WOMACK | E16010822 | ( 39:4-85.1 ) | WRONG WAY ON ONE-WAY STREET |
| ARSAN WOMACK | E16010823 | ( 19:9-1.4A ) | TFK-MOVING AGAINST TRAFFIC |
| ARSAN WOMACK | E16010824 | ( 39:4-88E ) | TRAFFIC ON MARKED LANES-TRUCKS |
| ARSAN WOMACK | E16010825 | ( 39:4-91 ) | FAILURE TO YIELD RIGHT OF WAY TO EMERGENCY VEHICLES |
| ARSAN WOMACK | E16010826 | ( 39:4-125 ) | U-TURN ON CURVE/GRADE OR WHERE VIEW OBSTRUCT U-TURN SGN |
| ARSAN WOMACK | E16010827 | ( 39:4-129A ) | LEAVING SCENE OF ACCIDENT INVOLVING PERSONAL INJURY) |
| ARSAN WOMACK | E16010828 | ( 39:4-130 ) | FAILURE TO REPORT ACCIDENT |



Page   4   of   4

| New Jersey Police Crash Investigation Report | Police Dept: | STATE POLICE | Code: | 02 |
| Motor Vehicle Crash Description | Station: | NEWARK | Case No: | D038-2016-02078A |



Not To Scale

NJTP SNO MP 103
ELIZABETH

VEHICLE
FLED THE
SCENE

7330
Badge Number

NJTR-1A (rev. 03/2006)

Officer's Signature

# Exhibit "E"

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| KIMBERLY HARDMON, an individual<br><br>                          Plaintiff,<br>              v.<br><br>ARSAN L. WOMACK, an individual; ELEMENT FINANCIAL CORP., a business entity; ELEMENT TRANSPORTATION ASSET TRUST, a business entity; PNC EQUIPMENT FINANCE, LLC, a business entity; GDS EXPRESS, INC., a business entity; JOHN DOES 1-10, fictitious individuals; and ABC COS. 3-10, fictitious business entities,<br><br>                          Defendants | CIVIL ACTION - LAW<br><br>No. _____ |

## CONSENT TO REMOVAL PURSUANT TO 28 U.S.C. § 1441

Pursuant to 28 U.S.C. § 1441, Defendant, PNC Equipment Finance, LLC, does not object to the removal of this proceeding from the Superior Court of New Jersey, Middlesex County to the United States District Court for the District of New Jersey.

Defendant, PNC Equipment Finance, LLC reserves all rights and defenses, none of which are waived.

Respectfully submitted,

**FLAMM WALTON HEIMBACH**

By:     *Thomas P. Stevens*
Thomas P. Stevens
794 Penllyn Pike, Suite 100
Blue Bell, PA 19422
tstevens@flammlaw.com
**Attorney for Defendant,**
**PNC Equipment Finance, LLC**

Dated: January 10, 2019

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY HARDMON, an individual<br><br>　　　　　　Plaintiff,<br>　　　v.<br><br>ARSAN L. WOMACK, an individual; ELEMENT FINANCIAL CORP., a business entity; ELEMENT TRANSPORTATION ASSET TRUST, a business entity; PNC EQUIPMENT FINANCE, LLC, a business entity; GDS EXPRESS, INC., a business entity; JOHN DOES 1-10, fictitious individuals; and ABC COS. 3-10, fictitious business entities,<br><br>　　　　　　Defendants | CIVIL ACTION - LAW<br><br>No. _____ |

## CONSENT TO REMOVAL PURSUANT TO 28 U.S.C. § 1441

Pursuant to 28 U.S.C. § 1441, Defendants, Element Transportation Asset Trust and Element Financial Corp. (hereinafter, the "Element Defendants"), consent to the removal of this proceeding from the Superior Court of New Jersey, Middlesex County to the United States District Court for the District of New Jersey.

The Element Defendants reserve all rights and defenses, none of which are waived.

Respectfully submitted,

THE BAYNE LAW GROUP LLC

By: _Andrew J. Bayne / J. H._
Andrew J. Bayne, Esquire
116 Village Boulevard, Suite 235
Princeton, NJ 08543-3036
abayne@baynelaw.com
**Attorney for Defendants, Element Transportation Asset Trust and Element Financial Corp.**

Dated: 01/15/19